## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

ROSEMARY RAYMUNDO, both
individually and on behalf of a class of
others similarly situated,

        Plaintiff,

        v.

WINNEBAGO COUNTY, WINNEBAGO
COUNTY SHERIFF'S OFFICE,
RICHARD A. MEYERS, both individually
and in his official capacity as Sheriff of
Winnebago County, JOHN DOE, both
both individually and in his capacity as
Director of Corrections of Winnebago
County,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Judge Kapala
Magistrate Judge Mahoney
07 CV 50087

Jury Demanded

Civil Rights Class Action
Seeking Damages and
Injunctive Relief

**FILED**

MAY 1 4 2007

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

## COMPLAINT

## INTRODUCTION

1.     This is a civil rights class action brought to redress the deprivation by Defendants

of rights secured to the Plaintiff and proposed class by the United States Constitution and

the laws of the United States of America. Winnebago County and the Winnebago

County Sheriff's Office have had a policy of strip-searching all individuals who enter the

Winnebago County Jail and are booked into the facility, regardless of particularized

suspicion or cause. Upon information and belief, this policy is derived from the written

procedures of the Winnebago County Sheriff's Office and was promulgated by senior

officials within that office; specifically, Defendants Sheriff Richard A. Meyers and

Director of Corrections John Doe.

2.      It has been well established in this judicial district that individuals charged with

misdemeanors or violations cannot be strip-searched absent some level of particularized

suspicion or cuase to believe that they possess weapons or contraband.  In short, the

policy of Winnebago County and the Winnebago County Sheriff's Office to force those

charged with minor crimes to undergo the indignities of a strip-search upon entry into the

Winnebago County Jail is not only clearly illegal, but it is insensitive and unnecessary.

3.      Plaintiff brings this action on behalf of herself, and on behalf of a class of others

who were strip-searched after being charged with minor crimes, to vindicate the clear and

unnecessary violation of her civil rights and those of the class members she proposes to

represent.  She seeks monetary damages for herself and each member of the proposed

class, a declaration that the policy is unconstitutional, and an injunction precluding

Winnebago County and the Winnebago County Sheriff's Office from continuing to

violate the rights of those placed into their custody.  With this as a background, Plaintiffs

complains as follows:

## JURISDICTION

4.      This Court has jurisdiction over this action under the provisions of 28 U.S.C.

1331, 1341 & 1343 because it is filed to obtain compensatory damages, punitive

damages, and injunctive relief for the deprivation, under color of state law, of the rights

of citizens of the United States secured by the Constitution and federal law pursuant to 42

U.S.C. 1981 & 1983.  This Court also has jurisdiction over this action under the

provisions of 28 U.S.C. 2201, as it is filed to obtain declaratory relief relative to the

constitutionality of the policies of a local government.

5.    Venue is proper under 28 U.S.C. 1391(e)(2) because the events giving rise to Plaintiff's claims and those of proposed class members occurred in this judicial district.

## PARTIES

6.    On or about January 8, 2007, Plaintiff Rosemary Raymundo was arrested at her home in South Beloit, IL, on a warrant for failing to appear in court for charges of transporting a child without an appropriate child restraint system (625 ILCS 25/4). She was first taken to the South Beloit police station and then taken to the Winnebago County Jail.

7.    Defendant Winnebago County is a county government organized and existing under the laws of the State of Illinois. At all times relevant hereto, the County, acting through its Sheriff's Office, was responsible for the policies, practices, supervision, implementation and conduct of all matters pertaining to the Winnebago County Jail and was responsible for the appointment, training, supervision and conduct of all Sheriff's Office personnel, including those working in the Winnebago County Jail. In addition, at all relevant times, the County was responsible for enforcing the rules of the Winnebago County Jail, and for ensuring that Sheriff's Office personnel employed in the jail obeyed the Constitution and laws of the United States and the State of Illinois.

8.    Defendant Winnebago County Sheriff's Office ("Sheriff's Office") is a County Sheriff's Office organized and existing under the laws of the State of Illinois. At all times relevant hereto, the Sheriff's Office was responsible for operating, organizing, overseeing and administering the Winnebago County Jail. At all times relevant hereto, Defendant Sheriff's Office, together with Winnebago County, was responsible for the policies, practices, supervision, implementation and conduct of all matters pertaining to

the Winnebago County Jail, and was responsible for the appointment, training, supervision and conduct of all Sheriff's Office personnel, including those working at the Winnebago County Jail. In addition, at all times relevant hereto, Defendant Sheriff's Office, together with Winnebago County, was responsible for enforcing the rules of Winnebago County Jail, and for ensuring that Sheriff's Office personnel employed in the Winnebago County Jail obeyed the Constitution and laws of the United States and of the State of Illinois.

9.      Defendant Richard A. Meyers ("Sheriff Meyers") is the duly elected Sheriff of Winnebago County, and, as such, is a policy-maker who created and/or implemented an unconstitutional policy with respect to the treatment of pre-trial and other detainees over which the Winnebago County Jail exercises custodial or other control. Sheriff Meyers is made a defendant in this action in his individual and official capacities.

10.      Defendant John Doe ("Director of Corrections Doe") is the duly appointed Director of Corrections of the Winnebago County Sheriff's Office and is the officer in charge of the operation of the Winnebago County Jail. As such, Director of Corrections Doe is a policy maker who created and/or implemented an unconstitutional policy with respect to the treatment of pre-trial and other detainees over which the Winnebago County Jail exercises custodial or other control. Director of Corrections Doe is made a defendant in this action in his individual and official capacities.

11.      Collectively, Sheriff Meyers and Director of Corrections Doe will be referred to as the "Policy Making Defendants."

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action pursuant to Rules 23(b)(1), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and a class of similarly situated individuals who were strip-searched without particularized justification upon their entry into the Winnebago County Jail.

13.     The class that Plaintiffs seek to represent is defined as follows:

All persons who have been or will be strip-searched without any particularized justification upon their being placed into the custody of the Winnebago County Jail pursuant to the policy, custom and practice of the Winnebago County Sheriff's Office and Winnebago County. Specifically excluded from the proposed class are Defendants and all of their respective affiliates, legal representatives, heirs, successors, employees or assignees.

14.     This action has been brought and may properly be maintained as a class action under federal law and satisfies the numerosity, commonality, typicality and adequacy requirements for maintaining a class action under Fed. R. Civ. P. 23(a).

15.     The members of the class are so numerous as to render joinder impracticable. Upon information and belief, there are scores of people arrested for minor crimes who are placed into the custody of the Winnebago County Jail every month – all whom are members of the proposed class.

16.     Upon information and belief, joinder of all of these individuals is impracticable because of the large number of class members and the fact that class members are likely dispersed over a large geographical area, with some members presently residing outside of Winnebago County and this judicial district. Futhermore, upon information and belief,

many members of the calss are low-income persons, may not speak English, and likely would have great difficulty in pursuing their rights individually.

17.     Common questions of law and fact exist as to all members of the class, in that they all had their right to be free from unreasonable searches violated by Defendants' conducting strip-searches absent particularized justification.  All members of the class were illegally strip-searched without particularized justification upon entering the Winnebago County Jail in violation of the clearly established law in this judicial district.

18.     Plaintiff's claims are typical of the claims of the members of the proposed class. Plaintiff and all members of the class sustained damages arising out of Defendants' course of conduct.  The harms suffered by the Plaintiff is typical of the harms suffered by the class members.

19.     The representative Plaintiff has the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the class.  Plaintiff has no interest that is adverse to the interests of the members of the class.

20.     Plaintiff's counsel has the resources, expertise and experience to successfully prosecute this action against the Defendants.  Counsel for Plaintiff knows of no conflicts among members of the class, or between counsel and members of the class.

21.     This action, in part, seeks declaratory and injunctive relief.  As such, the Plaintiff seeks class certification under Fed. R. Civ. P. 23 (b)(2), in that all class members were subjected to the same policy requiring the illegal strip-searches without particularized justification upon being placed into the custody of the Winnebago County Jail.  In short, Winnebago County, the Winnebago County Sheriff's Office and the Policy Making Defendants acted on grounds generally applicable to all class members.

22.     In addition to certification under Rule 23(b)(2), and in the alternative, Plaintiff seeks certification under Rule 23(b)(3).

23.     Common questions of law and fact exist as to all members of the class and predominate over any questions that affect only individual members of the class. These common questions of law and fact include, without limitation, the common and predominate question of whether the Defendants' written and/or *de facto* policy of strip-searching without particularized justification all individuals placed into the custody of the Winnebago County Jail is a violation of the Fourth and Fourteenth Amendments to the United States Constitution, and whether such a written and/or *de facto* policy existed.

24.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all of the individual members of the class is impracticable given the large number of class members and since they are dispersed over a large geographical area. Futhermore, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the federal court system of adjudicating thousands of individual cases would be enormous. Individualized litigation would also magnify the delay and expense to all parties and the court system. By contrast, the conduct of this action as a class action in this district presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each member of the class.

25.     Upon information and belief, there are no other actions pending to address the Defendants' flagrant violation of the civil rights of the Plaintiff and the proposed class.

26.     In the alternative to certification under Fed. R. Civ. P. 23 (b)(3), Plaintiff also seeks partial certification under Fed. R. Civ. P. 23(c)(4).

27.     Finally, Plaintiff seeks the certification of a limited fund class action pursuant to Fed. R. Civ. P. 23(b)(1)(B) for the purposes of assessing punitive damages against the Policy Making Defendants. The prohibition against strip-searching without particularized justification has been established in this judicial circuit for several years, and with good reason: Subjecting someone to the indignity of a strip-search is only appropriate where there exists some particularized suspicion or cause to believe that the individual possesses weapons or contraband.

28.     This action is a textbook example of when punitive damages should be imposed on those in charge of a local correctional facility. The Policy Making Defendants, however, have limited personal assets that would quickly be exhausted upon the imposition of punitive damages in only a few cases. As all members of the proposed class deserve to equally share in the assets of the Policy Making Defendants, the certification of a limited fund punitive damages class is appropriate, with the Court, after verdict, to establish this limited fund from the liquidated assets of the Policy Making Defendants and distribute the fund to all members of the class.

## FACTS

29.     The Fourth Amendment of the United States Constitution prohibits state officials, such as the Policy Making Defendants in this action and the Corrections Officers they supervise, from performing strip-searches of arrestees unless the officer has particularized suspicion or cause to believe that the arrestee is concealing a weapon or contraband.

30.     Upon information and belief, Winnebago County, the Winnebago County Sheriff's Office and the Policy Making Defendants have instituted a written and/or *de facto* policy, custom or practice of strip-searching without particularized justification all individuals who enter into the custody of the Winnebago County Jail, regardless of the nature of their charged crime and without the presence of particularized suspicion or cause to believe that the individual was concealing a weapon or contraband.

31.     Upon information and belief, Winnebago County, the Winnebago County Sheriff's Office and the Policy Making Defendants have instituted a written and or *de facto* policy, custom or practice of strip-searching without particularized justification all individuals who enter the custody of the Winnebago County Jail, regardless of the individual characteristics of the nature of their charged crime.

32.     Winnebago County, the Winnebago County Sheriff's Office, and the Policy Making Defendants know that they may not institute, enforce or permit enforcement of a policy or practice of conducting strip-searches without particularized justification. This judicial circuit has stated repeatedly that state officials may not strip-search individuals without particularized justification, with this principle being clearly established in John Doe, et al. v. Calumet City, Illinois, et al. (754 F.Supp. 1211).

33.     The Defendants' written and/or *de facto* policy, practice and custom mandating wholesale strip-searches without particularized justification has been promulgated, effectuated, effectuated and/or enforced in bad faith and contrary to clearly established law.

34.     Particluarized justification to conduct a strip-search may only emanate from the particular circumstances antecedent to the search, such as the nature of the crime charged, the particular characteristics of the arrestees, and/or the circumstances of the arrest.

35.     Upon information and belief, Winnebago County, the Winnebago County Sheriff's Office and the Policy Making Defendants have promulgated, implemented, enforced, and/or failed to rectify a policy, practice or custom of strip-searching all individuals placed into the custody of the Winnebago County Jail without any requirement of reasonable suspicion, or indeed suspicion of any sort. This written and/or *de facto* policy made the strip-searching of pre-trial detainees routine; neither the nature of the offense charged, the characteristics of the arrestee, nor the circumstances of a particular arrest were relevant to the enforcement of the policy, practice and custom of routine strip-searches.

36.     Pursuant to this written and/or *de facto* policy, each member of the class, including the named Plaintiff, were victims of a routine strip-search upon their entry into the Winnebago County Jail. These searches were conducted without inquiry into or establishment of particularized justification, and in fact were not supported by particularized justification.

37.     As a direct and proximate result of the unlawful strip-searches conducted pursuant to this written and/or *de facto* policy, the victims of the unlawful strip-searches – each member of the class, including the named Plaintiff – have suffered or will suffer psychological pain, humiliation, suffering and mental anguish.

**Facts applicable to the Named Plaintiff**

38.     Ms. Raymundo's experience is representative. On or about January 8, 2007, Rosemary Raymundo was arrested at her home in South Beloit, IL. She was picked up on a warrant for failing to appear for a court date on charges of transporting a child without an appropriate child restraint system (625 ILCS 25/4).

39.     Plaintiff Raymundo was initially transported to the South Beloit Police Station and subsequently transported to the Winnebago County Jail.

40.     Upon being placed into the custody of the Winnebago County Jail, Plaintiff Raymundo was strip searched. Two women correctional guards ordered her to remove her clothing. Once removed, Plaintiff was ordered to spread her cheeks and cough. At no time did anyone ask if Plaintiff consented to this search, and at no time to Plaintiff give consent for this search.

### CAUSES OF ACTION

### I: Violation of Constitutional Rights Under Color of State Law
### --Unreasonable Search and Failure to Implement Municipal Policies to Avoid
### Constitutional Deprivations Under Color of State Law--

41.     Plaintiffs incorporate by reference and reallege each and every allegation stated in the paragraphs above.

42.     The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches by law enforcement officers, and prohibits officers from conducting strip-searches without particularized reason to believe that the individual in question has either contraband or weapons.

43.     The actions of Defendants detailed above violated Plaintiff's rights under the United States Constitution. Simply put, it was not objectively reasonable for Winnebago

County Corrections Officers to strip-search Plaintiff and class members without particularized justification. It was also not objectively reasonable for the Policy Making Defendants to order/direct Winnebago County Corrections Officers to conduct such searches.

44.     These strip-searches were conducted pursuant to the policy, custom or practice of Winnebago County and the Winnebago County Sheriff's Office. As such, Winnebago County and the Winnebago County Sheriff's Office are directly liable for the damages of the named Plaintiff and member of the class.

45.     Upon information and belief, Sheriff Meyers and Director of Corrections Doe are responsible for establishing the policies and procedures to be utilized in the operation of the Winnebago County Jail, and are responsible for the implementation of the strip-search policy questioned in the lawsuit. As such, Meyers and Doe are each individually responsible for the damages of the named Plaintiff and members of the class.

46.     Sheriff Meyers and Director of Corrections Doe knew that the strip-search policy was illegal, and acted willfully, knowingly, and with specific intent to deprive Plaintiff and members of the class of their constitutional rights.

47.     This conduct on the part of all Defendants represents a violation of 42 U.S.C. 1983, given that their actions were undertaken under color of state law.

48.     As a direct and proximate result of the unconstitutional acts described above, Plaintiff and proposed class members have been irreparably injured.

## II: Demand for Declaratory Judgement

49.     Plaintiff incorporates by reference and reallege each and every allegation stated in the paragraphs above.

50.     The policy, custom and practice of the Winnebago County Sheriff's Office,

Winnebago County and the Policy Making Defendants is clearly unconstitutional, in that

these entities and individuals are directing/conducting the strip-searches of all individuals

placed into the Winnebago County Jail without any particularized justification.

51.     Plaintiff and members of the class request that this Court issue a declaratory

judgment, and that it declare the strip-search policy of Winnebago County and the

Winnebago County Sheriff's Office to be unconstitutional.

### III: Demand for Preliminary and Premanent Injunction

52.     Plaintiffs incorporate by reference and realege each and every allegation stated in

the paragraphs above.

53.     The policy, custom and practice of the Winnebago County Sheriff's Office,

Winnebago County and the Policy Making Defendants is clearly unconstitutional, in that

these entities and individuals are directing/conducting the strip-searches of all individuals

placed into the Winnebago County Jail without any particularized justification.

54.     Upon information and belief, this policy is currently in place at the Winnebago

County Jail, with new and/or prospective members of the class being subjected to the

harms that have already been inflicted upon the named Plaintiff.

55.     The continuing pattern of strip-searching individuals without particularized

justification will cause irreparable harm to the new and/or prospective members of the

class, an adequate remedy for which does not exist at law.

56.     Plaintiffs demand that Winnebago County, the Winnebago County Sheriff's

Office, the Policy Making Defendants and Winnebago County Corrections Officers

immediately desist from strip-searching individuals placed into the custody of the

Winnebago County Jail absent any particularized justification, and seek both a preliminary and permanent injunction from this Court ordering as much.

### IV: Against Defendants Winnebago County, The Winnebago County Sheriff's Office, Sheriff Meyers, and Director of Corrections Doe --Deliberate Indifference to Training and Supervision--

57.     Plaintiffs incorporate by reference and realege each and every allegation stated in the paragraphs above.

58.     The above-named Defendants were deliberately indifferent in the training and supervision of the individual corrections officers employed at the Winnebago County Jail, in that Defendants were deliberately indifferent in discharging their duty to make sure that any strip-searches conducted at the Winnebago County Jail were performed only in circumstances permitted by the United States Constitution.

59.     The above-named Defendants knew, or should have known, that unconstitutional strip-searches were, or likely to be, taking place in the Winnebago County Jail.

60.     Despite this knowledge, the above-named Defendants did not act to stop these unconstitutional practices from occurring.

61.     This conduct on the part of the above-named Defendants represents a violation of 42 U.S.C. 1983, given that their actions were undertaken under the color of state law.

62.     As a direct and proximate result of the unconstitutional acts described above, Plaintiffs have been irreparably injured.

### DEMAND FOR PUNITIVE DAMAGES

63.     The actions of the individual Defendants detailed herein are outrageous, in that they continue to propagate an illegal strip-search policy even though they know that their

actions are unconstitutional. Consequently, an award of punitive damages is necessary to punish the Policy Making Defendants.

## DEMAND FOR TRIAL BY JURY

64.     The Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and on behalf of a class of others similarly situated, requests that this Honorable Court grant them the following relief:

1.     An order certifying this action as a class action pursuant to Fed. R. Civ. P. 23.

2.     A judgment against all Defendants, jointly and severally on Plaintiff's First Cause of Action detailed herein, awarding compensatory damages to the named Plaintiff and each member of the proposed class.

3.     A judgment against Defendant Sheriff Meyers on Plaintiff's First Cause of Action for $1,000,000 in punitive damages.

4.     A judgment against Defendant Director of Corrections Doe on Plaintiff's First Cause of Action for $1,000,000 in punitive damages.

5.     A declaratory judgment against all Defendants declaring Winnebago County's and the Winnebago County Sheriff's Office's policy, practice and custom of strip-searching all detainees entering the Winnebago County Jail without particularized justification and regardless of the crime charged or suspicion of contraband or weapons, to be unconstitutional and improper.

6.     A preliminary and permanent injunction enjoining Defendants from continuing to strip-search individuals without particularized justification.

7.    A monetary award for attorneys' fees and the costs of this action, pursuant to 42

U.S.C. 1988.

Respectfully submitted,

Dated: _5/14/07_
      Chicago, Illinois

James R. Fennerty
ARDC #: 793000
Robert W. Ludemann
ARDC #: 6286750
James R. Fennerty & Associates, L.L.C.
36 South Wabash Avenue, Suite 1310
Chicago, Illinios 60603
Phone: 312-345-1704
Fax:    312-422-0708
E-Mail: FennertyLaw@yahoo.com