IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| ROSEMARY RAYMUNDO, both Individually and on behalf of a class of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 07 C 50087 |
| WINNEBAGO COUNTY, WINNEBAGO COUNTY SHERIFF'S OFFICE, RICHARD A. MEYERS, both individually And in his official capacity as Sheriff of Winnebago County, Andrea Tack both Individually and in her capacity as Jail Superintendent of the Winnebago County Jail, | ) ) ) ) ) ) ) ) ) ) | Judge Kapala Magistrate Judge Mahoney |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM REGARDING
CLASS CERTIFICATION AND DISCOVERY**

Defendants, WINNEBAGO COUNTY, WINNEBAGO COUNTY SHERIFF'S OFFICE, RICHARD A. MEYERS, both individually and in his official capacity as Sheriff of Winnebago County, and ANDREA TACK, both individually and in her capacity as Jail Superintendent of the Winnebago County Jail, by their attorneys, Tribler Orpett & Meyer, P.C., and the Winnebago County State's Attorney's Office, state the following as their memorandum regarding class certification and discovery:

**INTRODUCTION**

Plaintiff, Rosemary Raymundo, both individually and on behalf of individuals similarly situated, filed a Second Amended Complaint against Winnebago County, Winnebago County

Sheriff's Office, Richard A. Meyers, both individually and in his official capacity as Sheriff of Winnebago County, and Andrea Tack, both individually and in her capacity as Jail Superintendent of the Winnebago County Jail. Plaintiff's Second Amended Complaint is a four-count complaint alleging the following: Count I – unreasonable search, violation of due process, and failure to implement county policies to avoid constitutional depravations under color of state law; Count II – declaratory judgment; Count III – deliberate indifference to training and supervision; and Count IV – state law indemnification claim pursuant to Section 9-102.

On June 10, 2009, this Court granted Plaintiff's second motion for class certification and certified the following class:

> All persons who were arrested for only non-felony offenses that did not involve weapons or a controlled substance, and for whom there was no finding of a reasonable belief that the individual was concealing a weapon or controlled substance, but who were nonetheless subjected to a strip and/or visual body cavity search as a new detainee at the Winnebago County Jail at any time on or after May 14, 2005.

This Court certified the aforementioned class based upon what it believed to be the policy applicable at the time of Plaintiff's detention:

> 1. Except as provided in the immediately following paragraph (1.2), all persons booked into the WCCF, who will be housed in the Facility in other than a temporary holding area, shall be strip searched prior to receiving the jail issued uniform and being placed into population.
>
> 2. No person arrested for a traffic, regulatory, or misdemeanor offense, except in cases involving weapons or a controlled substance, shall be strip searched unless there is a reasonable belief that the individual is concealing a weapon or controlled substance. (This prohibition against strip searching does not apply, however, when the arrestee is being taken into custody by or remanded to the Sheriff pursuant to a court order, i.e. bench warrant, mittimus, warrant).

*(See* Winnebago County Corrections General Order No. E-9 revised January 25, 2002 attached as Exhibit A, p. 4-7.)

Plaintiff admits that "[t]he crux of this case stems from the sentence in parentheses at the end of paragraph 2" pertaining to strip searching detainees brought in on court orders, i.e. bench warrant, mittimus, or warrant.

On January 7, 2007, Plaintiff, Rosemary Raymundo, was detained at the Winnebago County Jail pursuant to a bench warrant based upon an underlying traffic offense in which she failed to appear in court. Ms. Raymundo was never housed within general population, but instead held in a temporary holding area until bond was posted. She was allegedly strip searched during her detention. Ms. Raymundo brings this case on behalf of herself individually and attempts to assert claims on behalf of individuals similarly situated.

## CLASS CERTIFICATION

Unfortunately, there has been some confusion between the parties as to the applicable policy at the time of Ms. Raymundo's detention. The policy cited in the June 10, 2009 court order is not the policy applicable at the time of Ms. Raymundo's detention. The Winnebago County Corrections policy effective at the time of Ms. Raymundo's detention is General Order No. E-09 revised on April 15, 2005. (*See* Exhibit B, Winnebago County Corrections General Order No. E-09.) The Winnebago County Corrections policy actually marked as Exhibit B was revised and effective on April 27, 2007. The policy was also revised on April 15, 2005. The April 15, 2005 policy is the same as the April 27, 2007 policy, but for the bold, underlined paragraph contained in I(1)(a) on page 4-11. The aforementioned paragraph (a) was added on April 27, 2007. That was the only revision made to the April 15, 2005 policy.

The April 15, 2005 policy provides for strip searches of persons remanded to the Sheriff pursuant to a court order, (i.e. bench warrant, mittimus, warrant) and who will be housed in the facility in other than a temporary holding area, … prior to receiving the jail issued uniform and

being placed into population. (*See* Ex. B., p. 4-11.) Ms. Raymundo was remanded to the Sheriff pursuant to a court order, i.e. bench warrant; however, she was never housed in the facility. To the contrary, Ms. Raymundo was at all times detained in a temporary holding area. Therefore, pursuant to the April 15, 2005 policy, Ms. Raymundo would not be strip searched.

Ms. Raymundo testified that she was strip searched on January 7, 2007. Ms. Raymundo may claim that said strip search was a violation of her individual Fourth and Fourteenth Amendment rights; however, she cannot act as a class representative of the class certified. Pursuant to the Winnebago County Corrections policy, she was not supposed to be searched because she was being held in a temporary holding area. Others similarly situated to her would also not be strip searched pursuant to the policy effective at the time of her detention because they also would be held in a temporary holding area.

The confusion as to which policy was effective at the time of Ms. Raymundo's detention may be derived from the testimony of Sgt. Timi Sodergren. Sgt. Sodergren initially testified correctly that her deposition exhibit no. 2 was the policy applicable at the time Ms. Raymundo was brought to the jail on January 8, 2007, because one of the revision dates states April 15, 2005. (*See* Exhibit C, Sgt. Sodergren's deposition transcript, p. 19.) Unfortunately, there may have been some confusion between Plaintiff's counsel's questioning and Sgt. Sodergren's understanding of the questions which may have led Plaintiff's counsel to believe that the applicable policy at the time of Ms. Raymundo's detention was the policy dated January 25, 2002.

Regardless, it is clear from Sgt. Sodergren's testimony that Ms. Raymundo would not be a proper class representative even under the January 25, 2002 policy. Sgt. Sodergren testified that pursuant to the January 25, 2002 policy, persons detained pursuant to a court order ( i.e.

bench warrant, mittimus, or warrant) would be strip searched if they were going to be housed within the facility.  A detainee who was not going to be housed in the facility and only detained in a temporary holding area waiting to post bond would not be strip searched.  (*See* Exhibit C, pp. 22-23.)  Therefore, despite any confusion regarding the applicable policy at the time Ms. Raymundo was detained, even under the January 25, 2002 policy, Ms. Raymundo would not be a proper class representative because she was at all times detained in a temporary holding waiting to post bond, not dressed into the jail facility or placed into the general housing unit.

Defendants will provide an affidavit from Sgt. Sodergren, if necessary, to clarify the revisions that have been made to the Winnebago County Corrections policy regarding strip searching to avoid any future confusion or misunderstanding.  Defendants will also file a motion regarding Defendants' Answers to Plaintiff's Request to Admit which identify the wrong policy.  Defendants will supplement any other discovery and work with Plaintiff's counsel to avoid any future confusion.

## **CONCLUSION**

Therefore, as it stands now, the June 10, 2009 court order granted class certification based upon policy language not applicable at the time of Ms. Raymundo's detention, and Ms. Raymundo is not a proper class plaintiff and cannot act on behalf of individuals similarly situated to her under either the January 25, 2002 policy cited in this Court's June 10, 2009, or the attached April 15, 2009 policy.  This will certainly be an issue that must be addressed before a firm discovery plan can be determined.  However, Defendants, in compliance with this Court's order, submit the following general discovery plan to provide an overall view of discovery.

**DISCOVERY PLAN**

The discovery plan is dependent upon whether this case is a class action or one of individual liability. Plaintiff disclosed five individuals in her Rule 26 initial disclosures. Defendants assume that these are the only witnesses in which Plaintiff will call at trial as Plaintiff witnesses. Two of those individuals (one of which is Raymundo) have been deposed. Defendants need to depose the remaining three individuals identified.

Defendants will amend their Rule 26 disclosures to add additional individuals they may call at trial. Some of these individuals will be representatives from other correctional facilities. Defendants may also call a correctional expert. It will be incumbent upon Plaintiff to decide whether to proceed with these depositions. Defendants anticipate securing affidavits from said witnesses to support a dispositive motion or in response to Plaintiff's dispositive motion, if their deposition does not proceed. Therefore, Plaintiff must determine whether to depose said individuals prior to initiation of motion practice.

The discovery plan will also depend upon whether Plaintiff continues to pursue individual capacity liability against Defendants. Defendants will file a Motion for Summary Judgment as to this issue based upon the affirmative defense of qualified immunity. Liability witnesses will be necessary to support such a motion. These witnesses will include employees of Defendants, in addition to employees from other correctional facilities and the retention of a correctional expert.

Only two female detainees have been deposed. The manner in which they were allegedly strip searched differs. Therefore, Defendants do not believe their alleged incidents are representative of the class. However, as stated above, both deponents (one of which is Plaintiff) do not fit within the class because both were placed in temporary holding awaiting bond and

6

were not to be strip searched pursuant to the applicable policy. Depositions of male detainees may also be required for an alleged damages assessment.

                    Respectfully Submitted,

                    s/ William B. Oberts_____
                    Attorneys for Defendants

Michael J. Meyer, Esq. – ARDC #6193712
William B. Oberts, Esq. – ARDC #6244723
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 1300
Chicago, Illinois 60606
(312) 201-6400
(312) 201-6401 (fax)
mjmeyer@tribler.com
wboberts@tribler.com

                    Respectfully Submitted,

                    s/ Gregory M. Minger_____
                    Attorneys for Defendants

Gregory M. Minger – ARDC #6276681
Assistant State's Attorney
Winnebago County Civil Division
400 West State Street, Suite 804
Rockford, Illinois 61101
(815) 319-4799
(815) 319-4798 (fax)
gminger@co.winnebago.il.us

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of **Defendants' Memorandum Regarding Class Certification and Discovery** was served upon:

- **James Russell Fennerty**
  fennertylaw@yahoo.com
- **Robert W. Ludemann**
  rwludemann@yahoo.com
- **Gregory Michael Minger**
  gminger@co.winnebago.il.us

service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on September 14, 2009, with proper postage prepaid.

s/ William B. Oberts_____
an Attorney
