IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| ROSEMARY RAYMUNDO, both Individually and on behalf of a class of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 07 C 50087 |
| WINNEBAGO COUNTY, WINNEBAGO COUNTY SHERIFF'S OFFICE, RICHARD A. MEYERS, both individually And in his official capacity as Sheriff of Winnebago County, Andrea Tack both Individually and in her capacity as Jail Superintendent of the Winnebago County Jail, | ) ) ) ) ) ) ) ) ) | Judge Kapala Magistrate Judge Mahoney |
| Defendants. | ) | |

**MOTION FOR LEAVE TO WITHDRAW AND AMEND
DEFENDANTS' ANSWERS TO PLAINTIFF'S REQUEST TO ADMIT
TO ALL DEFENDANTS**

NOW COME Defendants, WINNEBAGO COUNTY, WINNEBAGO COUNTY SHERIFF'S OFFICE, RICHARD A. MEYERS, both individually and in his official capacity as Sheriff of Winnebago County, and Andrea Tack both individually and in her capacity as Jail Superintendent of the Winnebago County Jail, and move this Honorable Court to allow Defendants leave to withdraw and amend Answers to Requests Nos. 2 and 3 of Defendants Answers to Plaintiff's Request to Admit to All Defendants. Defendants state the following in support thereof:

I.     **STATEMENT OF FACTS**

      1.      On June 10, 2009, this Court granted Plaintiff's second motion for class certification and certified the following class:

> All persons who were arrested for only non-felony offenses that did not involve weapons or a controlled substance, and for whom there was no finding of a reasonable belief that the individual was concealing a weapon or controlled substance, but who were nonetheless subjected to a strip and/or visual body cavity search as a new detainee at the Winnebago County Jail at any time on or after May 14, 2005.

(*See* June 10, 2009 order, attached as Exhibit A.)

      2.      This Court certified the aforementioned class based upon what it believed to be the policy applicable at the time of Plaintiff's detention:

> 1. Except as provided in the immediately following paragraph (1.2), all persons booked into the WCCF, who will be housed in the Facility in other than a temporary holding area, shall be strip searched prior to receiving the jail issued uniform and being placed into population.
>
> 2. No person arrested for a traffic, regulatory, or misdemeanor offense, except in cases involving weapons or a controlled substance, shall be strip searched unless there is a reasonable belief that the individual is concealing a weapon or controlled substance. (This prohibition against strip searching does not apply, however, when the arrestee is being taken into custody by or remanded to the Sheriff pursuant to a court order, i.e. bench warrant, mittimus, warrant).

*(See* Exhibit A and Winnebago County Corrections General Order No. E-9 revised January 25, 2002 attached as Exhibit B, pp. 4-7.)

      3.      Plaintiff admits that "[t]he crux of this case stems from the sentence in parentheses at the end of paragraph 2" pertaining to strip searching detainees brought in on court orders, i.e. bench warrant, mittimus, or warrant. (*See* Ex. A.)

      4.      On April 24, 2009, Plaintiff filed a Request to Admit to All Defendants.

5. On June 4, 2009, Defendants filed its Answers to Plaintiff's Request to Admit.[1] (*See* Exhibit C, Defendants Answers to Plaintiff's Request to Admit to All Defendants.)

6. Unfortunately, there has been some confusion between the parties as to the applicable policy at the time of Ms. Raymundo's detention. The policy cited in the June 10, 2009 court order is not the policy applicable at the time of Ms. Raymundo's detention.

7. The Winnebago County Corrections policy effective at the time of Ms. Raymundo's detention is General Order No. E-09 revised on April 15, 2005. (*See* Exhibit D, Winnebago County Corrections General Order No. E-09.) The Winnebago County Corrections policy actually marked as Exhibit D was revised and effective on April 27, 2007. The policy was also revised on April 15, 2005. The April 15, 2005 policy is the same as the April 27, 2007 policy, but for the bold, underlined paragraph contained in I(1)(a) on page 4-11. The aforementioned paragraph (a) was added on April 27, 2007. That was the only revision made to the April 15, 2005 policy.

## II. DEFENDANTS RESPONSE TO PLAINTIFF'S REQUEST TO ADMIT FACTS NOS. 2 AND 3

8. The confusion effected not only the applicable policy in which Judge Kapala based class certification, but also Defendants' Response to Plaintiff's Request to Admit Facts Nos. 2 and 3.

9. The following is Plaintiff's Request to Admit and Defendants' Answer to Request No. 2:

> REQUEST #2. The dates for which the policy attached as Exhibit A was in effect at the Winnebago County Jail included from May 14, 2005 to April 27, 2007.
>
> ANSWER: The Defendants admit Request to Admit #2.

---

[1] Defendants timely responded to Plaintiffs' Request to Admit despite the dates based upon an agreed extension of time between the parties.

10. The following is Plaintiff's Request to Admit and Defendants' Answer to Request No. 3:

REQUEST #3. For all individuals taken into custody by or remanded to the Sheriff pursuant to a court order, i.e. bench warrant, mittimus, warrant, the policy attached as Exhibit A directed jail personnel to strip search all such individuals.
    a. Regardless of the level of offense for which the individual was arrested (for example: traffic, regulatory, misdemeanor, felony),

    b. Regardless of whether the offense for which the individual was arrested involved weapons or a controlled substance, and

    c. With or without any reasonable belief that the individual was concealing a weapon or controlled substance.

ANSWER: The Defendants deny that the strip search policy in Exhibit A directed jail personnel to strip search all individuals taken into custody by or remanded to the Sheriff on court order for all three (a, b, and c) subparagraphs. That is not what the policy explicitly states. Further, the policy in Exhibit A was nit effect, as stated in Answer # 2 above, during the time of the lawsuit. This paragraph # 3 is but one interpretation of the language in the policy. However, as stated previously, this interpretation is not what is explicitly stated in the policy.

11. The policy cited and/or referenced in Requests Nos. 2 and 3 is the January 25, 2002 policy. (*See* Ex. A.)

12. The policy cited and/or referenced in Requests Nos. 2 and 3 is not the policy in effect at the Winnebago County Jail from May 14th, 2005 to April 27, 2007 as explained above.

13. Therefore, Defendants Response to Plaintiff's Requests Nos. 2 and 3 are factually incorrect. Defendants Answer to No. 3 is also factually incorrect with regards to detainees held in temporary holding as further explained below.

14. The confusion regarding the operative policy at the time of Ms. Raymundo's detention may be derived from the deposition testimony of Sgt. Timi Sodergren. Sgt. Sodergren initially testified correctly that her deposition exhibit no. 2 (the April 15, 2005 policy) was the

policy applicable at the time Ms. Raymundo was brought to jail on January 8, 2007, because one of the revision dates states April 15, 2005. (*See* Exhibit E, Sgt. Sodergren's deposition transcript, p. 19.)

15. Unfortunately, there may have been some confusion between Plaintiff's counsel's questions and Sgt. Sodergren's understanding of the questions which led Plaintiff's counsel to believe that the applicable policy at the time of Ms. Raymundo's detention was the policy dated January 25, 2002.

16. Regardless of the difference in policies, Sgt. Sodergren clearly testified that under either the January 25, 2002 or the April 15, 2005 policy, persons detained pursuant to a court order (i.e. bench warrant, mittimus, or warrant) would only be strip searched if they were going to be housed within the facility. A detainee who was not going to be housed in the facility, and only detained in a temporary holding area waiting to post bond, would not be strip searched. (*See* Ex. E, pp. 22-23.)

**III.   DEFENDANTS' WITHDRAWL AND AMENDEMENT OF THEIR RESPONSE TO PLAINTIFF'S REQUESTS TO ADMIT NOS. 2 AND 3 WILL PROMOTE THE PRESENTATION OF THIS CASE ON THE MERITS BASED UPON THE <u>CORRECT POLICY AT ISSUE</u>.**

17. Rule 36(b) of the Federal Rules of Civil Procedure permits an admission to be withdrawn or amended if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. Fed. R. Civ. Pro. 36.

18. The rule empowers a court to permit amendment after determining: (1) that presentation of the merits will be furthered by an amendment, and (2) that the party who obtained the admission will not be prejudiced. *In re Narowetz Mechanical Contractors, Inc.,* 99 B.R. 850, 860 (N.D.Ill. Apr 14, 1989).

19. Here, Judge Kapala certified Plaintiff's class based upon what he believed was the policy applicable at the time of Plaintiff's detention. Defendants also admitted that the January 25, 2002 policy was the policy applicable at the time. However, the fact remains that the April 15, 2005 policy, not the January 25, 2002 policy is the operative policy at the time of Ms. Raymundo's detention.

20. Amending Defendants' answers to Plaintiff's Request to Admit promotes the presentation of the merits of the action by correcting admissions based on incorrect facts. Without such an amendment, class certification and the entire case would be based upon the wrong policy. Surely, proceeding in such fashion would not promote the interest of justice or the presentation of this case on the merits.

21. Furthermore, Plaintiffs will not be prejudiced by permitting the amendment. District courts should focus on the prejudice that the non-moving party would suffer at trial. *Rodgers v. Allen,* 2009 WL 2192622, 5 (N.D. Ill. 2009). A more stringent standard applies in cases where the request to withdraw admissions comes after a trial has begun. *Id.*

22. Here, the case is still in the discovery phase, not trial date has been set and Plaintiff has not filed a motion for summary judgment. Therefore, permitting the requested amendments would not prejudice Plaintiffs. The party that obtained the admission has the burden of showing prejudice. *Id.* at 6.

23. Defendants respectfully request this Honorable Court grant them leave to withdraw and amend their Responses to Requests Nos. 2 and 3 of Plaintiff's Request to Admit to All Defendants to accurately reflect the facts of this case and allow the case to proceed on the proper merits.

WHEREFORE, Defendants, WINNEBAGO COUNTY, WINNEBAGO COUNTY SHERIFF'S OFFICE, RICHARD A. MEYERS, both individually and in his official capacity as Sheriff of Winnebago County, and Andrea Tack both individually and in her capacity as Jail Superintendent of the Winnebago County Jail, respectfully requests that this Honorable Court grant them leave to amend and/or withdraw their Answers to Plaintiff's Request to Admit to All Defendants.

Respectfully submitted,

s/ William B. Oberts_____
Attorney for Defendants
William B. Oberts, Esq.
ARDC #6244773
TRIBLER, ORPETT & MEYER, P.C.
225 W. Washington, Suite 1300
Chicago, Illinois 60606
(312) 207-6400
wboberts@tribler.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of **Defendants' Motion for Leave to Withdraw and Amend Defendants' Answers to Plaintiff's Request to Admit to All Defendants** was served upon:

- **James Russell Fennerty**
  fennertylaw@yahoo.com
- **Robert W. Ludemann**
  rwludemann@yahoo.com
- **Gregory Michael Minger**
  gminger@co.winnebago.il.us

service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on October 6, 2009, with proper postage prepaid.

                                                 s/ William B. Oberts
                                                 an Attorney