# EXHIBIT A

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 50087 | **DATE** | 6/10/2009 |
| **CASE TITLE** | Raymundo v. Winnebago County et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's second motion for class certification [44] is granted.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Rosemary Raymundo, both individually and on behalf of individuals similarly situated, has filed a four-count, second-amended complaint against defendants, Winnebago County, the Winnebago County Sheriff's Office, Sheriff Richard A. Meyers, and Andrea Tack, the Superintendent of the Winnebago County Jail, alleging that, over a several-year period, Winnebago County and the Winnebago County Sheriff's Office had a written policy mandating strip searches of certain new detainees which violated the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiff has filed a second motion for class certification.

### I. BACKGROUND

Although not cited in the complaint, plaintiff and defendants do not dispute that the policy at issue states:

1. Except as provided in the immediately following paragraph (I.2), all persons booked into the WCCF, who will be housed in the Facility in other than a temporary holding area, shall be strip searched prior to receiving the jail issued uniform and being placed into population.

2. No person arrested for a traffic, regulatory, or misdemeanor offense, except in cases involving weapons or a controlled substance, shall be strip searched unless there is a reasonable belief that the individual is concealing a weapon or controlled substance. (This prohibition against strip searching does not apply, however, when the arrestee is being taken into custody by or remanded to the Sheriff pursuant to a court order, i.e. bench warrant, mittimus, warrant).

Plaintiff admits that "[t]he crux of this case stems from the sentence in parentheses at the end of paragraph 2" pertaining to "strip search detainees brought in on court orders, i.e. bench warrant, mittimus, or warrant."

On November 6, 2008, this court denied plaintiff's previous motion for class certification finding that plaintiff had failed to properly narrow her proposed class, and as a result, her claims were not common to the class or typical of all potential class members. Specifically, the court found that the class, as it was proposed

**STATEMENT**

at the time, included members who had been subject to two distinct Jail policies which raised different legal issues, and more importantly, that because the class members were challenging two divergent policies, the court would have to make an individual review of each class member's claim. Plaintiff has now filed a second motion for class certification asking the court to certify the following class:

> All persons who were arrested for only non-felony offenses that did not involve weapons or a controlled substance, and for whom there was no finding of a reasonable belief that the individual was concealing a weapon or controlled substance, but who were nonetheless subjected to a strip and/or visual body cavity search as a new detainee at the Winnebago County Jail at any time on or after May 14, 2005.

Defendants have not filed any additional response.

## II. DISCUSSION

District courts have broad discretion to determine whether certification of a class is appropriate under Federal Rule of Civil Procedure 23. Chavez v. Ill. State Police, 251 F.3d 612, 629 (7th Cir. 2001). To obtain class certification, a plaintiff must satisfy all four requirements of Federal Rule of Civil Procedure 23(a): (1) "the class is so numerous that joinder of all members is impracticable" (numerosity); (2) "there are questions of law or fact common to the class" (commonality); (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class" (typicality); and (4) "the representative parties will fairly and adequately protect the interests of the class" (adequacy of representation). Fed. R. Civ. P. 23(a); Oshana v. Coca-Cola Co., 472 F.3d 506, 513 (7th Cir. 2006).

Even if a plaintiff meets all of the Rule 23(a) requirements, he or she also must satisfy one of the requirements set forth in Rule 23(b). Fed. R. Civ. P. 23(b). In this case, plaintiff seeks certification pursuant to Rule 23(b)(3), which requires the court to find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In its November 6, 2008 order, this court found that plaintiff had shown numerosity. The new class definition does not change this finding.

### A. Commonality and Typicality

In its previous order, this court found that plaintiff's claims were not common to or typical of all members of the class. Plaintiff's new proposed class ameliorates these problems. The factors of commonality and typicality are closely related. Keele v. Wexler, 149 F.3d 589, 595 (7th Cir. 1998). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." Keele, 149 F.3d at 594 (quotation marks omitted). A common set of operative facts is ordinarily present when the defendants are claimed to have engaged in "standardized conduct towards members of the proposed class." Id. "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." Id. at 595 (quotation marks omitted).

Plaintiff's previous class definition included all persons charged only with non-felony offenses not involving weapons or controlled substances who were subjected to strip searches, not only those "for whom there was no finding of a reasonable belief that the individual was concealing a weapon or controlled substance." Plaintiff's proposed class is now limited to members who share the experience of being strip-searched without any finding of a reasonable belief that they had a weapon or controlled substance. The common issue is whether defendants' practices violate the Fourth and Fourteenth Amendments, and the common nucleus of operative fact is the common experience of being strip-searched, following an arrest for a non-felony offense, without any

**STATEMENT**

finding of a reasonable belief that the individual was concealing contraband. Thus, the common issue and common nucleus of operative fact support commonality. Plaintiff's claim also arises from similar experiences or practices applied to other class members, and as such, is typical of the potential claims of the other class members.

### B. Adequacy of Representation

The final Rule 23(a) requirement for class certification is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In determining adequacy of class representation, the court considers (1) whether any conflicts of interest exist between the named plaintiffs and the class members, and (2) whether the named plaintiffs' counsel will adequately protect the interests of the class. Harper v. Sheriff of Cook County, No. 07 CV 2393, 2008 WL 4686148, at *3 (N.D. Ill. May 29, 2008); see also Retired Chi. Police Ass'n v. City of Chi., 7 F.3d 584, 598 (7th Cir. 1993).

### 1. Plaintiff

"A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625-26 (1997) (quotation marks omitted). "To be an adequate representative, a plaintiff must have a sufficient stake in the outcome to ensure zealous advocacy, and must not have antagonistic or conflicting claims with other class members." Rahim v. Sheahan, No. 99 C 0395, 2001 WL 1263493, at *15 (N.D. Ill. Oct. 19, 2001) (citing Retired Chi. Police Ass'n, 7 F.3d at 598).

In their original response, defendants argued that plaintiff's ability to represent the class is questionable because plaintiff's claim that officers touched her breasts during her strip-search would subject plaintiff to a different amount of damages than other class members not subject to such touching, and because plaintiff's recollection of the strip search is cloudy at best. The court did not need to address these arguments in its previous order, but will address them here.

The court finds defendants' first argument unpersuasive. "It is very common for Rule 23(b)(3) class actions to involve differing damage awards for different class members." De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 233 (7th Cir. 1983); see also Carnegie v. Household Int'l, Inc., 376 F.3d 656, 661 (7th Cir. 2004). In fact, "[i]n any class action for damages, no two parties will ever have exactly the same claim." Spoerle v. Kraft Foods Global, Inc., 253 F.R.D. 434, 439 (W.D. Wis. 2008); see also Blihovde v. St. Croix County, Wis., 219 F.R.D. 607, 621 (W.D. Wis. 2003) (holding that "the cases are legion in which courts have rejected arguments that differences in damages among the class members should preclude class certification"). Moreover, plaintiff's claims primarily arise from the officers' act of strip-searching her despite the circumstances of her offense and arrest, and not from the method of strip-searching. Because plaintiff and other class members share the common experience of being strip-searched without reasonable suspicion, the fact that plaintiff's breasts may have been touched during her particular strip search does not demonstrate that her interest differs in a significant way from other members of the class.

The court also rejects defendants' argument that plaintiff is a poor representative of the class because her memory is cloudy. "To be adequate, the class representative must maintain only an 'understanding of the basic facts underlying the claims, some general knowledge, and a willingness and ability to participate in discovery.'" Quiroz v. Revenue Prod. Mgmt, Inc., 252 F.R.D. 438, 442

(N.D. Ill. 2008); Wahl v. Midland Credit Mgmt., Inc., 243 F.R.D. 291, 298 (N.D. Ill. 2007). The burden to establish this standard is not difficult. Wahl, 243 F.R.D. at 298. Defendants' claim that plaintiff's memory of the incident is cloudy derives from plaintiff's statements that the officers raised her breasts during the search. Plaintiff did not testify she did not remember the search, but rather defendants argue that plaintiff's recollection is inconsistent with the Jail's policy which "demands that officers not touch the body of the person being strip-

**STATEMENT**

searched." However, simply because plaintiff's recollection differs from the Jail's policy does not mean plaintiff does not recall the events supporting her claim. Moreover, defendants have not demonstrated that plaintiff lacks an understanding of the basic facts of the claim or that plaintiff lacks general knowledge of the claims. As such, defendants' second argument also fails. Accordingly, the court is satisfied that plaintiff will fairly and adequately protect the interests of the class.

### 2. Counsel

Class counsel is adequate if they are "experienced, competent, qualified and able to conduct the litigation vigorously." Redmon v. Uncle Julio's of Ill., Inc., 249 F.R.D. 290, 295 (N.D. Ill. 2008). Defendants do not dispute that plaintiff's counsel can adequately protect the interests of the class. Plaintiff's counsel has submitted a list of several cases in which they litigated both class and individual actions with similar issues. Thus, this court finds that counsel is adequate.

### C. Rule 23(b)

Plaintiff has also satisfied the requirements of Rule 23(b)(3). Rule 23(b)(3) requires that questions of law or fact common to the members of the class predominate over questions affecting only individual members, and that a class action is superior to other methods of adjudicating the class claims. Fed. R. Civ. P. 23(b)(3). The predominance criterion of Rule 23(b)(3) is "far more demanding" than Rule 23(a)(2) commonality. Amchem, 521 U.S. at 623-24. The need to make individual inquiries can indicate the predominance requirement has not been met. Foreman v. PRA III, LLC, No. 05 C 3372, 2007 WL 704478, at *13 (N.D. Ill. Mar. 5, 2007).

Usually, when a class challenges a uniform policy or practice, the validity of that policy or practice tends to be the predominant issue. Blihovde, 219 F.R.D. at 620. As the court pointed out in its previous order, in similar cases involving strip-search policies, courts have considered whether individualized inquiries into the legality of each search would predominate over the class challenge to the overall policy. In response to this issue, these courts have reasoned that where jail personnel never undertook any reasonable suspicion or probable cause inquiry "the ultimate legal question is not whether jail personnel made erroneous reasonable suspicion determinations regarding each individual, but whether the Sheriff's policy avoided all such inquiry . . . ." Calvin v. Sheriff of Will County, No. 03 C 3086, 2004 WL 1125922, at *4 (N.D. Ill. May 17, 2004); see also Young v. County of Cook, No. 06 C 552, 2007 WL 1238920, at *8 (N.D. Ill. Apr. 25, 2007). As such, these courts concluded that individualized inquiries into reasonable suspicion did not dominate the case. In accordance with these cases, because plaintiff's class includes only those for whom no finding of a reasonable belief was made, individual inquiries would not predominate over the common issue.

The court also finds that plaintiff has shown that a class action is the superior method for pursuing these claims. Plaintiff's constitutional challenge to the Jail's uniform policy of strip-searching those arrested on court orders is the primary legal issue in this case. The judicial economy from consolidation of the separate claims is large because plaintiff has shown that the class is most likely more than 100 people, and thus, even if only a modest portion of these potential claims were filed, the court would be forced to resolve the identical issue regarding the common policy multiple times. See Young, 2007 WL 1238920, at *8. Moreover, as the damages for each class member are likely to be relatively small, certifying this class allows for the vindication of the rights of people who individually would be without effective strength to bring a suit. See Blihovde, 219 F.R.D. at 622; see also Amchem, 521 U.S. at 617 (holding that in regard to Rule 23(b)(3) "the Advisory Committee had dominantly in mind vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.'"). As such, plaintiff has satisfied the requirements of Rule 23(b)(3).

**STATEMENT**

III. CONCLUSION

For the foregoing reasons, plaintiff's second motion for class certification is granted.