# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ROSEMARY RAYMUNDO, both individually and on behalf of a class of others similarly situated,<br><br>     Plaintiff<br><br>vs.<br><br>WINNEBAGO COUNTY, WINNEBAGO COUNTY SHERIFF'S OFFICE, RICHARD A. MEYERS, both individually and in his official capacity as Sheriff of Winnebago County, Andrea Tack, both individually and in her capacity as Jail Superintendent of the Winnebago County Jail,<br>     Defendants. | CASE NO. 07 C 50087 |

## DEFENDANTS' ANSWERS TO PLAINTIFF'S REQUEST TO ADMIT TO ALL DEFENDANTS

  The above named Defendants, Winnebago County, Richard Meyers, and Andrea Tack, by and through one of their attorneys, Gregory M. Minger, Assistant State's Attorney, as their answer to the Plaintiff's Request to Admit to All Defendants, state as follows:

  REQUEST 1. On the Winnebago County Sheriff's Office – Corrections Searching Officer Report produced by Defendants, the terms "CONTEPT (sic) OF COURT NOT BENCH" indicate that the individual whose name appears in that row was taken into custody by or remanded to the Sheriff pursuant to a court order, i.e. bench warrant, mittimus, warrant.

ANSWER: The Defendants admit that the phrase "CONTEMPT OF COURT NOT BENCH" is meant to indicate that the individual was brought to the jail pursuant to a court order. The Defendants cannot affirmatively

state that every single instance of this phrase on the Searching Officer Report previously disclosed is 100% correct without looking through each person's individual incarceration file as there is some chance of human error in entering the information into the Jail database.

REQUEST #2. The dates for which the policy attached as Exhibit A was (sic) in effect at the Winnebago County Jail included from May 14, 2005 to April 27, 2007.

ANSWER: The Defendants admit Request to Admit # 2.

REQUEST #3. For all individuals taken into custody by or remanded to the Sheriff pursuant to a court order, i.e. bench warrant, mittimus, warrant, the policy attached as Exhibit A directed jail personnel to strip search all such individuals

    a. regardless of the level of offense for which the individual was arrested (for example: traffic, regulatory, misdemeanor, felony),

    b. regardless of whether the offense for which the individual was arrested involved weapons or a controlled substance, and

    c. with or without any reasonable belief that the individual was concealing a weapon or controlled substance.

ANSWER: The Defendants deny that the strip search policy in Exhibit A directed jail personnel to strip search all individuals taken into custody by or remanded to the Sheriff on court order for all three (a, b, and c) sub-paragraphs. That is not what the policy explicitly states. Further, the policy in Exhibit A was in effect, as stated in Answer # 2 above, during the time of the lawsuit. This paragraph # 3 is but one interpretation of the language in the policy. However, as stated previously, this interpretation is not what is

explicitly stated in the policy.

                                  WINNEBAGO COUNTY, RICHARD A.
                                  MEYERS, and ANDREA TACK,
                                  Defendants,

        BY: *[signature]*
                                  Gregory M. Minger
                                  Attorney for Defendants

*Prepared by:*
Gregory M. Minger, #6276681
400 West State Street, #804
Rockford, Illinois 61101
(815) 319-4799; FAX (815) 319-4798
email: gminger@co.winnebago.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ROSEMARY RAYMUNDO, both individually and on behalf of a class of others similarly situated,<br><br>                  Plaintiff<br><br>vs.<br><br>WINNEBAGO COUNTY, WINNEBAGO COUNTY SHERIFF'S OFFICE, RICHARD A. MEYERS, both individually and in his official capacity as Sheriff of Winnebago County, JOHN DOE, both individually and in his capacity as Director of Corrections of Winnebago County,<br><br>                  Defendants. | CASE NO. 07 C 50087 |

## CERTIFICATE OF SERVICE

I, Gregory M. Minger, Assistant State's Attorney for Winnebago County, Illinois, hereby certify I placed the foregoing **Defendant's Answers to Plaintiff's Request to Admit to All Defendants** in an envelope, with postage fully prepaid, and placed that envelope in the mail before 5:00 p.m. on June 4, 2009, to be delivered to the following attorneys:

        James R. Fennerty
        Robert Ludemann
        36 South Wabash Avenue, Ste. 1310
        Chicago, Illinois 60603

I further certify that I scanned a signed copy of the **Defendant's Answers to Plaintiff's Request to Admit to All Defendants** to a .pdf format and emailed the same to the above-mentioned attorneys at their email addresses as follows:

        James Fennerty        fennertylaw@yahoo.com
        Robert Ludemann    rwludemann@yahoo.com

                                                                         Gregory M. Minger

GREGORY M. MINGER, #6276681
Assistant State's Attorney
Winnebago County Civil Division
Courthouse Building
400 West State Street, Suite 804
Rockford, Illinois 61101
(815) 319-4799
(815) 319-4798 (fax)