IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| ROSEMARY RAYMUNDO, both Individually and on behalf of a class of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 07 C 50087 |
| WINNEBAGO COUNTY, WINNEBAGO COUNTY SHERIFF'S OFFICE, RICHARD A. MEYERS, both individually And in his official capacity as Sheriff of Winnebago County, Andrea Tack both Individually and in her capacity as Jail Superintendent of the Winnebago County Jail, | ) ) ) ) ) ) ) ) ) | Judge Kapala Magistrate Judge Mahoney |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR RELIEF FROM JUDGEMENT OR ORDER**

Defendants, WINNEBAGO COUNTY, WINNEBAGO COUNTY SHERIFF'S OFFICE, RICHARD A. MEYERS, both individually and in his official capacity as Sheriff of Winnebago County, and ANDREA TACK, both individually and in her capacity as Jail Superintendent of the Winnebago County Jail, move for reconsideration and relief from this Court's June 10, 2009 Order granting class certification pursuant to Federal Rule of Civil Procedure 60(b). In support of this Motion, Defendants state the following:

**STATEMENT OF FACTS**

1. Plaintiff, Rosemary Raymundo, both individually and on behalf of individuals similarly situated, filed a Second Amended Complaint against Winnebago County, Winnebago County Sheriff's Office, Richard A. Meyers, both individually and in his official capacity as

Sheriff of Winnebago County, and Andrea Tack, both individually and in her capacity as Jail Superintendent of the Winnebago County Jail.

2. Plaintiff's Second Amended Complaint is a four-count complaint alleging the following: Count I – unreasonable search, violation of due process, and failure to implement county policies to avoid constitutional depravations under color of state law; Count II – declaratory judgment; Count III – deliberate indifference to training and supervision; and Count IV – state law indemnification claim pursuant to Section 9-102.

3. On June 10, 2009, this Court granted Plaintiff's second motion for class certification and certified the following class:

> All persons who were arrested for only non-felony offenses that did not involve weapons or a controlled substance, and for whom there was no finding of a reasonable belief that the individual was concealing a weapon or controlled substance, but who were nonetheless subjected to a strip and/or visual body cavity search as a new detainee at the Winnebago County Jail at any time on or after May 14, 2005.

(*See* June 10, 2009 order, attached as Exhibit A.)

4. This Court certified the aforementioned class based upon the following language from what it believed to be the policy applicable at the time of Plaintiff's detention:

> 1. Except as provided in the immediately following paragraph (1.2), all persons booked into the WCCF, who will be housed in the Facility in other than a temporary holding area, shall be strip searched prior to receiving the jail issued uniform and being placed into population.
>
> 2. No person arrested for a traffic, regulatory, or misdemeanor offense, except in cases involving weapons or a controlled substance, shall be strip searched unless there is a reasonable belief that the individual is concealing a weapon or controlled substance. (This prohibition against strip searching does not apply, however, when the arrestee is being taken into custody by or remanded to the Sheriff pursuant to a court order, i.e. bench warrant, mittimus, warrant).

*(See* Winnebago County Corrections General Order No. E-9 revised January 25, 2002 attached as Exhibit B, p. 4-7.)

5. Plaintiff admits that "[t]he crux of this case stems from the sentence in parentheses at the end of paragraph 2" pertaining to strip searching detainees brought in on court orders, i.e. bench warrant, mittimus, or warrant. (*See* Ex. A.)

6. Indeed, Plaintiff's official capacity claim and alleged constitutional deprivation which she asserts on her behalf and on behalf of fellow class members is based upon whether said alleged policy implemented at the Winnebago County Jail was constitutional as applied to her. Said policy is the underlying basis for her claim and the basis for this Court's certifying this case as a class action and class definition.

7. Unfortunately, there has been some confusion between the parties as to the applicable policy at the time of Ms. Raymundo's detention. The policy cited in the June 10, 2009 court order is not the policy applicable at the time of Ms. Raymundo's detention.

8. The Winnebago County Corrections policy effective at the time of Ms. Raymundo's detention is General Order No. E-09 revised on April 15, 2005. (*See* Exhibit C, Winnebago County Corrections General Order No. E-09.) The Winnebago County Corrections policy actually marked as Exhibit C was revised and effective on April 27, 2007. The policy was also revised on April 15, 2005. The April 15, 2005 policy is the same as the April 27, 2007 policy, but for the bold, underlined paragraph contained in I(1)(a) on page 4-11. The aforementioned paragraph (a) was added on April 27, 2007. That was the only revision made to the April 15, 2005 policy.

9. The parties' confusion led this Court to base its decision regarding class certification, class representation and the appropriate definition of class members upon the wrong policy.

10. The confusion regarding the operative policy at the time of Ms. Raymundo's detention may be derived from the deposition testimony of Sgt. Timi Sodergren. Sgt. Sodergren initially testified correctly that her deposition exhibit no. 2 (the April 15, 2005 policy) was the policy applicable at the time Ms. Raymundo was brought to jail on January 8, 2007, because one of the revision dates states April 15, 2005. (*See* Exhibit D, Sgt. Sodergren's deposition transcript, p. 19.)

11. There may have been some confusion between Plaintiff's counsel's questions and Sgt. Sodergren's interpretation which led Plaintiff's counsel to believe that the applicable policy at the time of Ms. Raymundo's detention was the policy dated January 25, 2002.

12. Regardless of the difference in policies, Sgt. Sodergren clearly testified that under either the January 25, 2002 or the April 15, 2005 policy, persons detained pursuant to a court order (i.e. bench warrant, mittimus, or warrant) would only be strip searched if they were going to be housed within the facility. A detainee who was not going to be housed in the facility, and only detained in a temporary holding area waiting to post bond, would not be strip searched. (*See* Ex. D, pp. 22-23.)

13. Counsel recently learned that the policy cited in this Court's June 10, 2009 order was not the policy applicable at the time of Ms. Raymundo's detention. Counsel raised this issue in Defendants' Memorandum regarding Class Certification and Discovery and addressed this issue with Plaintiff's counsel and the Honorable Judge Mahoney in court on September 16, 2009. Defendants file the instant Motion seeking this Court to reconsider and clarify its June 10, 2009 court order in light of this newly discovered information and the prior mistake and inadvertence of the parties. This was an excusable mistake based upon confusion by Sgt. Sodergren. Said mistake was not deliberate nor a counseled decision.

## **STANDARD OF REVIEW**

14. Rule 60(b) provides a district court with the discretion to afford relief from a judgment or order under certain circumstances, which are to be decided on a case by case basis. Rule 60(b)(1) allows a district judge to provide relief from a judgment or order on the grounds of; (1) mistake; (2) inadvertence; (3) surprise; or (4) excusable neglect. Fed. R. Civ. P. 60(b)(1). *See also Helm v. Resolution Trust Corp.,* 84 F.3d 874, 877 (7th Cir. 1996).

15. Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order. *Yapp v. Excel Corp,* 186 F.3d 1222, 1231 (10th Cir. 1999). Excusable litigation mistakes are not those which were the result of a deliberate and counseled decision of the complaining party, but rather the kinds of mistakes that a party could not have protected against. *Id*.

16. Rule 60(b)(2) provides that in order to succeed on a motion for relief from judgment based on newly discovered evidence, movant must demonstrate: (1) that it exercised due diligence in obtaining the information; (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment; and (3) that the newly discovered evidence was in existence at the time of trial and not discovered until after trial. Fed. R. Civ. P. 60(b)(2). *See also*, *General Universal Sys., Inc. v. Lee,* 379 F.3d 131, 158 (5th Cir. 1994).

## ISSUES FOR RECONSIDERATION AND/OR CLARIFICATION

**I. THIS COURT SHOULD RECONSIDER WHETHER MS. RAYMUNDO IS A PROPER CLASS PLAINTIFF.**

17. This Court certified a class allowing Ms. Raymundo to act as class representative, and determined the definition for potential class members based upon what it believed was the policy applicable at the time of Ms. Raymundo's detention after relying upon the briefs of the parties. However, as stated above the April 15, 2005 policy, not the January 25, 2002 policy is the operative policy at the time of Ms. Raymundo's detention.

18. The April 15, 2005 policy provides for strip searches of persons remanded to the Sheriff pursuant to a court order, (i.e. bench warrant, mittimus, warrant) and *who will be housed in the facility in other than a temporary holding area, ... prior to receiving the jail issued uniform and being placed into population*. (*See* Ex. C., p. 4-11.) Ms. Raymundo was allegedly "strip searched" on January 8, 2007. (*See* Raymundo Deposition Transcript, pp. 9-10, attached as Exhibit E.) Ms. Raymundo was remanded to the Sheriff pursuant to a court order, i.e. bench warrant; however, she was never housed in general population within the facility. (Ex. E, pp. 54-59.) To the contrary, Ms. Raymundo was at all times detained in a temporary holding area. (Ex. E, pp. 54-59.) Therefore, pursuant to the April 15, 2005 policy, Ms. Raymundo would not be strip searched.

19. Ms. Raymundo may claim that said strip search was a violation of her individual Fourth and Fourteenth Amendment rights; however, she cannot act as a class representative of the class certified. Pursuant to the Winnebago County Corrections policy, she was not supposed to be searched because she was being held in a temporary holding area. Others similarly situated to her would also not be strip searched pursuant to the policy effective at the time of her detention because they also would be held in a temporary holding area.

6

20.     Sgt. Sodergren clearly testified that Ms. Raymundo would not be a proper class representative even under the January 25, 2002 policy in which this Court based class certification. Sgt. Sodergren testified that pursuant to the January 25, 2002 policy, persons detained pursuant to a court order (i.e. bench warrant, mittimus, or warrant) would be strip searched if they were going to be housed within the facility. A detainee who was not going to be housed in the facility and only detained in a temporary holding area waiting to post bond would not be strip searched. (*See* Exhibit D, pp. 22-23.) The language Sgt. Sodergren used to support her conclusion was the same cited in paragraph 1 of this Court's June 10, 2009:

> Except as provided in the immediately following paragraph (1.2), all persons booked into the WCCF, who will be housed in the Facility in other than a temporary holding area, shall be strip searched prior to receiving the jail issued uniform and being placed into population.

(*See* Ex. A, and Ex. B, p. 4-7.)

21.     Despite any confusion regarding the applicable policy at the time Ms. Raymundo was detained, even under the January 25, 2002 policy, Ms. Raymundo would not be a proper class representative because she was at all times detained in temporary holding waiting to post bond, not dressed into the jail facility or placed into the general housing unit. Therefore, the Winnebago County Jail policy itself, and in which Ms. Raymundo asserts an official capacity claim, cannot be considered unconstitutional as applied to Ms. Raymundo because she was not supposed to be strip searched pursuant to the policy. Ms. Raymundo is not a proper class representative because others similarly situated to her (i.e. held in temporary housing) would also not be strip searched pursuant to the policy.

22.     Therefore, this Court should reconsider its June 10, 2009 order and remove/dismiss Ms. Raymundo as a class representative.

## II. THIS COURT SHOULD RECONSIDER CERTIFYING A CLASS AT THIS TIME BECAUSE THERE IS NO PROPER CLASS REPRESENTATIVE.

23. Ms. Raymundo is the only individually named representative of the subject class.

24. Ms. Raymundo is not a proper class representative as demonstrated above.

25. Therefore, this Court should reconsider certifying a class at this time without a named individual class representative who can properly represent the class and for whom has properly appeared in this case.

## III. THIS COURT SHOULD RECONSIDER THE CLASS DEFINITION TO REMOVE DETAINEES PLACED IN TEMPORARY HOLDING AND NOT HOUSED WITHIN THE JAIL.

26. Plaintiff must show that a municipal policy or custom was the "moving force" behind her alleged constitutional deprivation. *Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397; 117 S.Ct. 1382, 1388 (1997); *Polk County v. Dodson*, 454 U.S. 312 (1981). Plaintiff must also show the relevant practice referred to is so widespread as to have the force of law. *Id*. at 403-404. It is well settled that governmental employees cannot be held liable in their official capacities in a § 1983 action unless the plaintiff can show that he or she suffered injuries of a constitutional magnitude as the result of an official custom, policy or practice. *Monell v. Department of Social Services of the City of New York*, 98 S.Ct. 2018, 2036 (1977).

27. Plaintiff cannot assert an official capacity claim against Sheriff Meyers or Superintendent Tack under Section 1983 unless a municipal "policy" or "custom" is the moving force behind her alleged the constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 379 (1989).

28. As stated above, Ms. Raymundo is not a proper class representative because the Winnebago County Jail's policy applicable at the time (regardless of whether it is the January 25, 2002 or April 14, 2005 policy) was not the "moving force" behind her alleged constitutional violation because the policy specifically provided that detainees detained in temporary housing, such as Ms. Raymundo, would not be strip searched.  (See Ex. A, Ex. B, pp. 4-7, and Ex. C, pp. 4-11.)

29. Similarly, any detainee who was detained in temporary housing cannot assert an official policy claim based upon the January 25, 2002 or the April 14, 2005 policy because said policy, per its terms, could not have been the moving force behind their alleged strip search, ie. their alleged constitutional deprivation.

30. Therefore, Defendants request this Court to reconsider the class definition to include language that removes detainees placed in temporary holding as potential class members.

**IV.    DEFENDANTS SEEK CLARIFICATION AS TO THE TERM "FINDING" CONTAINED WITHIN THE CLASS DEFINITION.**

31. Courts have held that jail officials must have either individualized suspicion or suspicion arising from the nature of the charged offense before conducting a strip search of a detainee charged with a misdemeanor that does not involve drugs or weapons.  *See Young v. County of Cook*, 616 F.Supp.2d 834 (N.D. April 2, 2009.)

32. In *Calvin v. Sheriff of Will County*, the court certified three separate classes of individual and included the terms and/or phrase "without any individualized finding of reasonable suspicion".  (2004 WL 1125922 (N.D.Ill.))

33. Regardless of whether the term "finding" is used within the class definition, courts have inferred that the "finding" of reasonable suspicion, as used in the strip search context is a individualized determination by a jail official or other law enforcement officer that there is reasonable suspicion to believe that the detainee may be carrying weapons or contraband.

34. This reasonable suspicion may be based upon the individualized facts and circumstances with respect to the individual detainee, the police officer who arrested and transported the detainee to custody or the charge which forms the basis for the detainees detainment.

35. Defendants seek clarification that the term "finding" as used in the class definition contained within this Court's June 10, 2009 order refers to a "determination" made by a jail official, police officer, or otherwise, and not a "finding" by a court of law.

36. Defendants do not suggest that this Court has implied such based upon said term, but only seek clarification so others are aware of the intent of this Court and do not seek to misuse the term as applied in this context.

## V. DEFENDANTS SEEK CLARIFICATION AS TO THE CLOSURE DATE FOR THE CLASS.

37. The time period for the class as defined in this Court's June 10, 2009 order is "at any time on or after May 14, 2005." (Ex. A, p. 2.)

38. Plaintiff's Second Amended Complaint requests the following time period for the class "any time on or after May 14, 2005 but before April 27, 2007." (*See* Plaintiff's Second Amended Complaint, p. 5, attached as Exhibit F.)

39. The Winnebago County Correction's policy changed on April 27, 2007. The new policy prohibited strip searches of arrestees on bench warrant if the underlying charge was not an offense the jail would strip search the arrestee on, i.e. traffic, regulatory, or misdemeanor. (*See*

Defendants' Answer to Plaintiff's Second Amended Complaint, p. 9, Answer 25, attached as Exhibit G.)

40. Therefore, the proper closure date, as requested by Plaintiff, should be April 27, 2007 based upon the change in the policy on April 27, 2007.

41. Defendants request this Court to reconsider its June 10, 2009 order clarifying that the proper time period for the defined class is "any time on or after May 14, 2005 to April 27, 2007."

WHEREFORE, Defendants WINNEBAGO COUNTY, WINNEBAGO COUNTY SHERIFF'S OFFICE, RICHARD A. MEYERS, both individually and in his official capacity as Sheriff of Winnebago County, and ANDREA TACK, both individually and in her capacity as Jail Superintendent of the Winnebago County Jail, move for reconsideration and relief from this Court's June 10, 2009 Order and respectfully request this Court to:

1. Reconsider its June 10, 2009 order and remove/dismiss Ms. Raymundo as a class representative.

2. Reconsider certifying a class at this time without a named individual class representative who can properly represent the class and for who has properly appeared in this case.

3. Reconsider the class definition to include language that removes detainees placed in temporary holding as potential class members.

4. Clarify the term "finding" as used in the class definition to refer to a "determination" made by a jail official, police officer, or otherwise, and not a "finding" by a court of law.

5. Clarify that the proper time period for the defined class is "any time on or after May 14, 2005 to April 27, 2007."

6. For any further relief this Court deems fair and just consistent with this Motion.

          Respectfully submitted,

          s/ William B. Oberts_____
          One of the attorneys for Defendants

William B. Oberts, Esq. - ARDC #6244773
TRIBLER, ORPETT & MEYER, P.C.
225 W. Washington, Suite 1300
Chicago, Illinois 60606
(312) 201-6400
wboberts@tribler.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of **Defendants' Motion for Relief from Judgment or Order** was served upon:

- **James Russell Fennerty**
  fennertylaw@yahoo.com
- **Robert W. Ludemann**
  rwludemann@yahoo.com
- **Gregory Michael Minger**
  gminger@co.winnebago.il.us

service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on October ___, 2009, with proper postage prepaid.

s/ William B. Oberts_____
an Attorney
